```
IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) Case No. 11-2554-SC |
| Plaintiff, | ) |
| | ) ORDER DENYING MOTION FOR |
| v. | ) ENTRY OF DEFAULT; ORDER TO |
| | ) SHOW CAUSE RE DISMISSAL; |
| VIDURA TALAYARATHE a/k/a Vidura | ) ORDER TO SHOW CAUSE RE |
| S. Talayaratne, individually and | ) SANCTIONS |
| d/b/a ME-N-ED'S PIZZA a/k/a ME N | ) |
| EDS PIZZA PARLOR; and ITALIANO | ) |
| RESTAURANTS, INC., an unknown | ) |
| business entity d/b/a ME-N-ED'S | ) |
| PIZZA a/k/a ME N EDS PIZZA | ) |
| PARLOR, | ) |
| Defendants. | ) |

## I. INTRODUCTION

Now before the Court is a Motion for Entry of Default brought by Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") against Defendants Vidura Talayarathe and Italiano Restaurants, Inc. (collectively, "Defendants"). ECF No. 21 ("MED"). For the reasons set forth below, the Court DENIES the motion. Moreover, pursuant to Federal Rule of Civil Procedure 4(m), the Court ORDERS Plaintiff to show cause why this case should not be dismissed for a failure to timely serve Defendants. As a separate matter, the Court ORDERS Plaintiff's counsel, Thomas P. Riley ("Riley"), to show cause why he should not be sanctioned pursuant to Rule 11(b) for making a

false representation to the Court in his affidavit of May 2, 2012, as detailed below.

**II.  BACKGROUND**

Plaintiff filed the instant lawsuit on May 26, 2011.  ECF No. 1 ("Compl.").  A summons issued the same day.  ECF No. 3.  The Complaint alleges that Plaintiff owns the exclusive commercial distribution rights for a televised, pay-per-view mixed-martial-arts bout and that Defendants infringed on those rights by unlawfully showing the bout in their pizza parlor located at 3800 Klose Way in Richmond, California ("3800 Klose").  Compl. ¶¶ 10, 13.  Plaintiff seeks statutory damages of $170,000, plus other relief.[1]  Id. at 9-10.

Federal Rule of Civil Procedure 4 provides 120 days for service of a summons and complaint, unless the district court extends the time for good cause shown.  Fed. R. Civ. P. 4(c)(1), 4(m).  Plaintiff therefore had until September 26, 2011 to perfect service on Defendants.  See Fed. R. Civ. P. 6.  On September 13, 2011, Plaintiff moved for a sixty-day extension.  ECF No. 10 ("Mot. to Extend").  The motion bore Riley's electronic signature.  Id. at 2.  Riley described Plaintiff as having made "diligent" efforts to serve Defendants and cited to declarations of due diligence

---

[1] The general contours of this lawsuit will be familiar to district courts throughout California and, indeed, the United States.  Through its lead and, as far as this Court can tell, only attorney, Riley, Plaintiff is a frequent litigant in district court.  Other courts have remarked on Plaintiff's penchant for seeking excessive damages.  E.g., Joe Hand Promotions, Inc. v. Streshly, 655 F. Supp. 2d 1136, 1136 (S.D. Cal. 2009) ("Plaintiff asks for a default judgment to be entered in its favor for $100,875.  That amount is manifestly excessive under existing law -- and Plaintiff probably knows it.")

2

supplied by his process server. Id. (citing id. Ex. 1). The declarations of due diligence recount a total of two unsuccessful attempts, both made at 3800 Klose. At 10:00 a.m. on August 6, 2011, the process server made the notation "Business Closed. Sign Says 'Flavor of Italia'." Id. Ex. 1. At 5:19 p.m. on August 8, 2011, the process server noted "Bad Address (Business)," followed by the address, and the notation "Subject Sold the Business, No Longer Involved." Id. On August 11, 2011, the process server returned the job to the client, i.e., to Riley. Id.

On September 15, 2011, the Court granted Plaintiff's motion for a sixty-day extension of time and moved the deadline for service to November 15, 2011. See ECF No. 11. This date came and went without Plaintiff serving either Defendant or asking the Court for more time.

On March 2, 2012 -- more than three months after the deadline for service -- Plaintiff, through Riley, filed proofs of service for both Defendants. ECF Nos. 15, 16 (together, "POS"). The POS are identical in every material respect. Both recount three unsuccessful service attempts at a purported residential address, followed by three more unsuccessful service attempts at 3800 Klose. On February 24, 2012, Plaintiff's process server left the papers with an adult female who refused to give her name, and made the notation: "Substituted Service. Recipient Instructed to Deliver Documents to Defendant as Named." POS at 3. Three days later, on February 27, 2012, the process server mailed the documents to 3800 Klose. Id. at 4.

On March 8, 2012, Plaintiff submitted an Ex Parte Application to continue a status conference that had been scheduled for March

16, 2012. ECF No. 17 ("Mar. 8 EPA"); see also ECF Nos. 13, 14 (Court twice continuing conference sua sponte). The March 8 Ex Parte Application bore Riley's digital signature. Mar. 8 EPA at 2. Riley, citing the POS, represented to the Court that Defendants had received "service of suit papers." Id. at 1. The Court approved the March 8 Ex Parte Application and continued the status conference to April 20, 2012. ECF No. 18.

At the April 20, 2012 status conference, Riley did not appear. Instead, he sent an attorney who had not, and has not, entered an appearance in this case and who is not Plaintiff's attorney of record. ECF No. 20. The Court continued the status conference again to May 4, 2012, and specifically instructed the attorney to communicate to Riley that Riley, as the attorney of record, was to appear personally at the next status conference. Id.

On May 2, 2012 -- two days before the scheduled status conference -- Riley filed with the Court three documents bearing his electronic signature. One was the instant Motion for Entry of Default. MED at 2. The second was an Affidavit by Riley supporting the instant Motion. ECF No. 21-1 ("Riley Aff."). In the Affidavit, Riley represented to the Court that "[o]n February 24, 2012, Defendants were duly served with the Summons, Complaints [sic], and supplemental suit papers filed in this action." Id. ¶ 2. Lastly, Riley filed an Ex Parte Application to vacate the May 4, 2012 status conference at which the Court had specifically ordered him to appear. ECF No. 22 ("May 2 EPA"). The May 2 Ex Parte Application argued that the conference would be "futile" because Defendants were "facing default" and Riley planned to move for default judgment shortly after default was entered. Id. at 3.

4

On May 3, 2012, the Clerk of the Court rescheduled the conference for July 27, 2012.

On May 4, 2012, the Court received a document styled as a "Request Not to Enter Default" filed by non-party Flavour of Italia LLC ("Flavour of Italia"), who purports to be the proprietor of the Me-An-Eds pizza establishment at 3800 Klose.  ECF No. 24 ("Request").  On May 14, 2012, Plaintiff objected to Flavour of Italia's request.  ECF No. 26 ("Obj.").

**III. DISCUSSION**

   **A.   Motion for Entry of Default**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "Because a party has no duty to plead until properly served, sufficient service of process is a prerequisite to entry of default."  Fisher v. Lynch, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008).  Under the Federal Rules, a plaintiff must perfect service "within 120 days after the complaint is filed," unless the district court extends the time for good cause shown.  Fed. R. Civ. P. 4(m).

Here, Plaintiff moves for entry of default on the ground that Defendants have not pled or otherwise defended.  What Plaintiff fails to acknowledge is that Defendants are not required to do so because Plaintiff did not serve Defendants within the time limits prescribed by the Federal Rules.  Plaintiff claims to have effected service pursuant to Rule 4 by delivering the summons, complaint, and related court papers to Defendants at 3800 Klose on February

5

24, 2012, and mailing copies of the same papers three days later.[2] Plaintiff entirely fails to address that service was nowhere near timely. Plaintiff had until November 15, 2011 to complete service, but it did not do so until March 2012.[3] In fact, the Court sees no evidence that Plaintiff even attempted service between August 8, 2011 and February 1, 2012. Compare Mot. to Extend Ex. 1 at 1, 2 with POS at 2. In any event, Plaintiff cannot credibly claim ignorance of the November 15, 2011 deadline for service because it specifically moved for an extension of time to that date. See Mot.

---

[2] Rule 4(e) permits service of an individual by any means authorized by the law of the state in which the district court sits, and service of most businesses by the same means. See Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A). This Court sits in California, and California law permits a party who has already made reasonably diligent attempts at personal service to effect substituted service. See Cal. Civ. Proc. Code § 415.20(b). The relevant code section provides, in pertinent part, that substitute service is accomplished

> by leaving a copy of the summons and complaint at the person's . . . usual place of business . . . in the presence of . . . a person apparently in charge of . . . [the] place of business, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Id. The Court has concerns about whether service would have been proper even if timely, given the suggestion in the record that 3800 Klose is no longer the "usual place of business" of either Defendant. The Court, however, need not and does not decide that issue here, because the timeliness issue is dispositive.

[3] Riley affirms that service was completed on February 24, 2012, the day the process server left the papers at 3800 Klose. Riley Aff. ¶ 2. But under California law, substitute service is not complete when the process server leaves the papers. It is complete ten days after the papers are mailed. Cal. Civ. Proc. Code § 415.20(b). Here, the papers were mailed on February 27, 2012, so substituted service would have been complete, if at all, on March 8, 2012.

6

to Extend.

In short, Plaintiff's failure to serve Defendants within the allotted time may be excusable, but it is inexcusable for Plaintiff, and Plaintiff's counsel Riley, to bring a motion for entry of default when they had every reason to know that service was untimely and therefore inadequate under Rule 4. Accordingly, the Court ORDERS the Clerk not to enter default against Defendants until further order of this Court.

**B.  Order to Show Cause Re Dismissal of Action**

Rule 4(m) provides that if service is not completed within the prescribed time limits, a district court "<u>must</u> dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). The district court may do so sua sponte following notice to plaintiff. <u>Id.</u>

The Court is not inclined to grant Plaintiff more time to effect service in the instant action. Plaintiff has already received one extension of time and then, after failing to effect service within the extended period, represented to the Court that service was complete regardless. Plaintiff is hereby ORDERED to show cause why this action should not be dismissed without prejudice for failure to timely serve Defendants.[4]

**C.  Order to Show Cause Re Sanctions**

A federal court may impose an appropriate sanction against an attorney for violating Rule 11(b) after giving the attorney "notice

---

[4] In reaching this conclusion, the Court does not rely on or consider the Request filed by purported "interested party" Flavour of Italia. If Flavour of Italia wishes to intervene in this case, it must file a proper motion. Plaintiff's Objection to the Request is SUSTAINED.

and a reasonable opportunity to respond."  Fed. R. Civ. P. 11(c)(1).  Rule 11(b) provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper -- whether by signing, filing, submitting, or later advocating it -- an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(2).  "Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleading or motion is well-grounded in fact, has a colorable basis in law, and is not filed for an improper purpose."  Smith v. Ricks, 31 F.3d 1478, 1488 (9th Cir. 1994) (internal quotation marks omitted).

Concurrent with the instant Motion, Riley filed an affidavit in which he represented to the Court that Defendants had been "duly served" with process in this action.  Riley Aff. ¶ 2.  The word "duly" means "properly."[5]  In this context, it represents a judgment about the legal sufficiency of service of process.  A judicial determination that process has been "duly served" can have serious consequences for a defendant.  This case is exemplary.  Riley has already attested in papers filed with this Court that he plans to seek default judgment against Defendants on the basis of their failure to defend despite purportedly having been "duly served."  Riley's client seeks damages of at least $170,000 against them, in addition to other relief, including an award of Riley's fees and costs.

---

[5] E.g., Black's Law Dictionary (9th ed. 2009) ("In a proper manner; in accordance with legal requirements.").

8

However, for the reasons explained above, it appears that Riley could not have thought "after an inquiry reasonable under the circumstances" that Defendants had been "duly served." The applicable existing law, Rule 4(m), clearly bars service outside of its time limits. The Court doubts that any reasonable inquiry could have left Riley ignorant of the November 15, 2011 deadline for service in this case. The operation of Rule 4 is not mysterious, and this was not a close call; the purported substitute service occurred more than three months after the deadline. Moreover, Riley himself requested this deadline when he moved for an extension of time in papers bearing his electronic signature.

If the time limits afforded under Rule 4 and this Court's order extending time proved too constraining, Riley could have asked for more time. Alternatively, he could have, consistent with Rule 11, argued for extension, modification, or reversal of existing law. Riley did neither. He did not come to Court asking for more time in advance of the November 15, 2011 deadline. Nor did he argue afterward that he should have been entitled to more time. Indeed, he could not have done so, because he never acknowledged that service was untimely under existing law. Cf. Fox v. Acadia State Bank, 937 F.2d 1566, 1570 (11th Cir. 1991) (plaintiffs did not make good faith argument to modify or reverse binding appellate opinion because "they did not refer to it at all"). On the contrary, Riley affirmed under oath that Defendants had been "duly served," and argued for entry of default on that basis. Riley also signed two Ex Parte Applications relying on Defendants' purported failure to defend -- a failure which, again, is predicated on their having first been properly served. See Mar.

9

8 EPA at 1 n.1 (citing POS); May 2 EPA at 3-4.

The Court is troubled by this course of misrepresentation.[6] Riley's representations to the Court in this case have been consistent with either bad faith or, more charitably, reckless disregard of both their truth and their potential consequences for Defendants.  But in our legal system, words have consequences. Rule 11 embodies this principle in literal fashion, by attaching consequences to an attorney's signature.  Riley signed the documents in this case, and in doing so he certified their contents.  Now he must stand by his words.

**IV. CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Entry of Default against Defendants and ORDERS the Clerk not to enter default against them until further order of this Court.

The Court ORDERS Plaintiff to show cause why this action should not be dismissed without prejudice for failure to timely serve Defendants.

The Court ORDERS Thomas P. Riley, counsel for Plaintiff Joe Hand Productions, Inc., to show cause why he should not be sanctioned for representing to the Court in his May 2, 2012 affidavit that Defendants had been "duly served."

The Court shall hold a hearing on the two Orders to Show Cause at 10:00 a.m. on Friday, June 8, 2012, in Courtroom 1, United

---

[6] The Court notes that the timing and contents of Riley's filings appear to be motivated at least in part by Riley's determination to avoid appearing personally before this Court, as was ordered on April 20, 2012.  To the extent filings were made out of such motivation, they would run afoul of Rule 11's ban on presenting papers to a federal court for "any improper purpose."  Fed. R. Civ. P. 11(b)(1).

10

1  States Courthouse, 450 Golden Gate, San Francisco, California.
2  Riley shall appear at the hearing in person.  If Plaintiff elects
3  to voluntarily dismiss this action, Riley still must appear for the
4  hearing on sanctions.
5       Riley may submit a brief addressing either or both Orders to
6  Show Cause, though he is not required to do so.  Any such brief
7  shall not exceed eight (8) pages in length and shall be filed
8  electronically no later than 3:00 p.m. on Tuesday, June 5, 2012.
9       Plaintiff shall cause a copy of this Order to be served on
10 Defendants and on Flavour of Italia within three (3) days of the
11 date of this Order.  Plaintiff then shall file a certificate of
12 service with the Court.

14      IT IS SO ORDERED.

16      Dated: May 17, 2012                 _____
17                                          UNITED STATES DISTRICT JUDGE

11